UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICKY M. MEDINA,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED PARCEL SERVICE,<br><br>            Defendant. | Case No.: C- 06-791 JW    PVT<br><br>**ORDER GRANTING MOTION COMPEL DISCOVERY AND SANCTIONING PLAINTIFF'S COUNSEL** |

**I.    INTRODUCTION**

Plaintiff Vicky Medina ("Medina") is a former employee of Defendant United Parcel Service ("UPS").[1]  Medina has sued UPS alleging disability discrimination, violation of the California Family Rights Act, Wrongful Termination, and Intentional Infliction of Emotional Distress.  On March 29, 2007, UPS filed a Motion to Compel Further Responses to Discovery from Medina and a Motion to Shorten Time to Hear the Motion to Compel.  On April 3, 2007, the Court granted the Motion to Shorten Time and Issued an Order to Show Cause Why Plaintiff's Counsel Should Not Be Sanctioned.  The Order required Plaintiff's counsel to file, no later than April 10, 2007, an Opposition to the Motion to Compel and a Declaration showing

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

1 cause why he should not be sanctioned in the amount of the fees and costs incurred by Defendant
2 in bringing the Motion to Compel.  To date, Plaintiff's Counsel has not responded in any way to
3 the Order.   Accordingly, the Motion to Compel Discovery is Granted and Plaintiff's counsel,
4 Richard Schramm, is hereby sanctioned in the amount of $4,500.

**II.    DISCUSSION**

      **A.    Motion to Compel Discovery**

On October 16, 2006, Medina served initial disclosures identifying a "Dr. Susan [LNU] as a witness who will testify as to Medina's emotional distress damages." (Pfyl Decl. Exh. B.) On January 31, 2007, UPS served a First Set of Special Interrogatories seeking the name and address of Dr. Susan and other mental healthcare providers as well as information about Medina's income subsequent to leaving employment with UPS.  (Pfyl Decl. Exh. D.)  On March 5, 2007, Medina served Responses to the interrogatories. (Pfyl Decl. Exh. E.)  In response to each interrogatory, Medina responded: " Plaintiff objects to Interrogatory No. [ ] to the extent it requests responses protected by the attorney-client privilege, work product doctrine, FRE 412, and plaintiff's right to privacy."  Thus, Plaintiff provided no substantive responses. (Id.)  On March 9, 2007, UPS sent Plaintiff's counsel a meet and confer letter specifically warning that UPS would have no choice but to file a motion to compel if Medina did not supplement her responses. (Pfyl Decl. Exh. F.)   On March 26, 2007, UPS sent Plaintiff's counsel a second meet and confer letter, again warning of the need to file a motion to compel if Media did not supplement the responses. (Pfyl Decl. Exh. G.)  As of March 28, 2007, UPS had received no response to the meet and confer attempts.  (Pfyl Decl. ¶ 14.)

Similarly, Plaintiff's Counsel has not Opposed the Motion to Compel.  In the absence of any Opposition, Plaintiff has not shown that her objections as to attorney-client privilege or work product immunity are sustainable.  Indeed, the court can see no justification for these objections in relation to requests for identification of  Medina's health care providers and information about her earnings after her separation from UPS.  Moreover, Medina has not shown why her assertion of a claim of intentional infliction of emotional distress does not outweigh her privacy interest in information relating to her mental condition.  Finally, Plaintiff's objection as to Federal Rule of

Evidence 412 is unavailing as that section deals with admissibility of the sexual history of an alleged victim of sexual assault.  In short, Plaintiff, by failing to oppose the motion to compel has failed to justify any of her objections to the discovery sought.  Accordingly, the Motion to Compel is Granted in Full.

### B. Order to Show Cause

Plaintiff's Counsel, Mr. Schramm, has not filed any response to the Order to Show Cause.  By failing to respond to the Order to Show Cause, Plaintiff's Counsel has failed to show why he should not be sanctioned in the amount Defendant expended in preparing the Motion to Compel Discovery.  Plaintiff's Counsel's boilerplate objections were inappropriate and are patently insufficient.  Moreover, Defendants' meet and confer efforts were more than sufficient.  Thus, Defendants have shown that Mr. Schramm should be sanctioned.  Defendant has expended $4,500 in preparing the Motion to Compel Discovery. (Pfyl Decl. ¶ 15.)  Although Defendant does not specify the number of hours expended or the hourly rate, the court finds this amount reasonable.  Accordingly, Mr. Schramm shall pay to UPS the sum of $4,500.

## III. CONCLUSION

For the Foregoing Reasons, It Is Hereby Ordered that:

1. UPS' Motion to Compel Responses to Discovery is GRANTED and, no later than May 1, 2007, Plaintiff shall provide complete responses to UPS' First Set of Special Interrogatories; and

2. No later than May 1, 2007, Plaintiff's Counsel, Mr. Schramm, shall pay to UPS, the amount of $4,500 to compensate UPS for the costs and fees it incurred in filing the Motion to Compel.

IT IS SO ORDERED.

Dated: April 19, 2007

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge