UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICKY M. MEDINA, ) | Case No.: C- 06-791 JW   PVT |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTION FOR** |
| ) | **RELIEF UNDER RULE 60** |
| v. ) | |
| ) | |
| UNITED PARCEL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I.     INTRODUCTION**

Plaintiff Vicky Medina ("Medina") is a former employee of Defendant United Parcel Service ("UPS").[1]  Medina has sued UPS alleging disability discrimination, violation of the California Family Rights Act, Wrongful Termination, and Intentional Infliction of Emotional Distress.

On March 29, 2007, UPS filed a Motion to Compel Further Responses to Discovery from Medina and a Motion to Shorten Time to Hear the Motion to Compel.  On April 3, 2007, the Court granted the Motion to Shorten Time, set a deadline for opposition and issued an Order to Show Cause Why Plaintiff's Counsel Should Not Be Sanctioned ("Order to Show Cause").  The Order to Show Cause required Plaintiff's counsel, Mr. Schramm,  to file, no later than April 10,

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

2007, an Opposition to the Motion to Compel and a Declaration showing cause why he should not be sanctioned in the amount of the fees and costs incurred by Defendant in bringing the Motion to Compel. On April 19, 2007, the Court had not received any response to the Order to Show Cause and issued an Order Granting the Motion to Compel Discovery and Sanctioning Plaintiff's counsel, Richard Schramm, in the amount of $4,500 (the "Sanctions Order").

On June 5, 2007, Plaintiff filed a motion entitled "Motion for Leave to File a Motion for Reconsideration and a Motion to Reconsider, Vacate or Modify the Sanctions Order". The Motion sought leave to file a motion for reconsideration and relief under Rule 60 of the Federal Rules of Civil Procedure. On June 14, 2007, the Court issued an order denying the Motion for Leave to file a motion for reconsideration. On July 10, 2007, the Court held a hearing on the Motion for Relief pursuant to Rule 60. For the following reasons, the Motion for Relief is Denied.

**II.     Facts**

    **A.     Informal Attempts to Get the Necessary Information**

On October 16, 2006, Medina served initial disclosures identifying a "Dr. Susan [LNU] as a witness who will testify as to Medina's emotional distress damages." (Pfyl Decl. Exh. B). At the conclusion of Plaintiff's October 24, 2007 deposition, Plaintiff and her counsel, Mr. Schramm, promised to provide additional information about her health care providers, but they never did. (Pfyl Decl. ¶ 6). In January, 2007 Defense counsel, Mr. Pfyl, left several messages with Mr. Schramm seeking the promised information about the healthcare providers, but received no response. (Id. at ¶ 7).

    **B.     The Interrogatories and Responses**

On January 31, 2007, Defendant served modest discovery seeking the names and addresses of Plaintiff's health care providers as well as information about Medina's income subsequent to leaving employment with UPS. On March 5, 2007, Plaintiff served the identical response to each interrogatory: " Plaintiff objects to Interrogatory No. [ ] to the extent it requests responses protected by the attorney-client privilege, work product doctrine, FRE 412, and plaintiff's right to privacy." Plaintiff provided no substantive information in the original

response. Indeed, Plaintiff did not even tailor the objections to the discovery sought. Mr. Schramm, Plaintiff's counsel, merely left a phone message for Defendant stating the objections were made to preserve them and that substantive responses would follow. (Schramm Decl. ¶ 3).

### C. The Meet and Confer Process

On February 27, 2007, Defense counsel sent Plaintiff's counsel a fax stating that he would be unavailable from March 11, 2007 through March 21, 2007. (Schramm Reply Decl. Exh. 1).

On March 9, 2007, Defendant sent Plaintiff a meet and confer letter specifically warning that it would have no choice but to file a motion to compel if Plaintiff did not supplement her responses by March 12, 2007. (Pfyl Decl. Exh. F). Defendant explained that it needed the information in advance of the March 28, 2007 Early Neutral Evaluation. (Id.). Mr. Schramm was on vacation from March 11 through March 20. (Schramm Decl. ¶ 4). Mr. Schramm was ill from March 21, 2007 through March 30, 2007. (Schramm Decl. ¶ 7).

On March 26, 2007, UPS sent Plaintiff a second meet and confer letter, again warning of the need to file a motion to compel if Medina did not supplement the responses. (Pfyl Decl. Exh. G.) As of March 28, 2007, UPS had received no response to the meet and confer attempts. (Pfyl Decl. ¶ 14.)

### D. The Motions and Non-Opposition

On March 29, 2007, UPS filed a Motion to Compel Further Responses to Discovery from Medina and a Motion to Shorten Time to Hear the Motion to Compel. Defendant argued that hearing on the regular thirty-five day hearing schedule (on May 8, 2007), would be too close to the June 15, 2007 date for the close of discovery and the June 25, 2007 deadline for filing dispositive motions.[2] Also on March 29, 2007, after the motion was filed, Plaintiff served supplemental responses to the discovery.[3] The Court was not informed of the service of

---

[2]The deadline for filing dispositive motions was extended on June 8, 2007 to July 16, 2007.

[3]The Electronic Court Filing System shows that the motion was filed at 9:45 a.m. Mr. Schramm's legal assistant, Ms. Osterhaus, states that she served the supplemental responses at 10:45 a.m. (Osterhaus Decl. ¶ 14.)

supplemental responses until June 5, 2007.

On April 3, 2007, the Court granted the Motion to Shorten Time and Issued an Order to Show Cause Why Plaintiff's Counsel Should Not Be Sanctioned ("Order to Show Cause").[4]  The Order to Show Cause required Mr. Schramm to file, no later than April 10, 2007, an Opposition to the Motion to Compel and a Declaration showing cause why he should not be sanctioned in the amount of the fees and costs incurred by Defendant in bringing the Motion to Compel.  The Order to Show Cause stated that, absent further order of the court, no reply brief would be filed and no hearing held.

### E. The Sanctions Order

On April 19, 2007, the Court had not received any response to the Order to Show Cause and issued an Order Granting the Motion to Compel Discovery and Sanctioning Plaintiff's counsel, Richard Schramm, in the amount of $4,500 (the "Sanctions Order").  The Court found: 1) Plaintiff's objections as to attorney-client privilege and work product immunity could not be justified; 2) Medina's assertion of a claim of intentional infliction of emotional distress outweighed any privacy interest in information relating to her mental condition; and 3) Plaintiff's objection as to Federal Rule of Evidence 412 was unavailing as that section deals with admissibility of the sexual history of an alleged victim of sexual assault.  The Court also found sanctions appropriate because Plaintiff's Counsel's service of boilerplate objections without any substantive information was inappropriate and patently insufficient.

### F. The Motion for Reconsideration

On June 5, 2007, Plaintiff filed a Motion for Leave to File a Motion for Reconsideration and a Motion to Reconsider, Vacate or Modify the Sanctions Order.  On June 14, 2007, the Court issued an order denying the Motion for Leave to file a motion for reconsideration.

Mr. Schramm argued that leave was appropriate because the court did not have the information that supplemental responses had been served the same day as the motion to compel the discovery had been filed.  A motion for reconsideration is only permitted under the civil local

---

[4]Thus, the Order to Show Cause was filed after Mr. Schramm's vacation and illness were both over.

rules when a party can "show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civil L.R. 7-9(b)(1). The Court found that Mr. Schramm knew about the service of supplemental responses at the time of the interlocutory order, but simply failed to inform the court.

Plaintiff's counsel argued that he did not have a chance to tell the court because: 1) "I never heard from my staff or others about Opposing Counsel bringing a Motion to Compel the Special Interrogatories" (Schramm Decl. ¶ 7); 2) he "assumed both from what my Legal Assistant had said and written that any such Motion was off calendar" due to the serving of supplemental responses (Schramm Decl. ¶ 10); and 3) his legal assistant failed to inform him of the Order to Show Cause. Mr. Schramm declares: "It is the practice in our office that my Legal Assistant will review all documents coming from U.S. District Court and let me know of pertinent items to which I need attend." (Schramm Decl. ¶ 11.) Thus, Mr. Schramm argued that his legal assistant's failure to inform him about the motion excuses his failure to respond.[5]

The Court did not credit Mr. Schramm's assertion that he did not hear about the Motion because it contradicted the declaration of his legal assistant, who stated: "I sent Mr. Schramm an e-mail notifying him that the Motion to Compel was filed a few minutes before I sent Mr. Pfyl the documents and responses he wanted. I also spoke with Mr. Schramm and complained about Mr. Pfyl's having brought a motion on something already resolved earlier that same date." (Osterhaus Decl. ¶ 15.) Moreover, Mr. Schramm's assumption that "any such Motion was off calendar" is also at odds with his claimed ignorance of the motion.

The court found that Mr. Schramm had not been reasonably diligent: "the Court disagrees that the assumption that a properly filed motion was off-calendar along with the failure to notice an order to show cause constitutes reasonable diligence." (June 14, 2007 Order at 3.)

However, the Court did credit Mr. Schramm's assertion that he was not aware of the Order to Show Cause until after the deadline to respond had passed. Accordingly, the Court

---

[5] The court is not impressed with Mr. Schramm's attempt to shift blame to his assistant. Even though Mr. Schramm delegated the task of reading court orders to his assistant, he cannot avoid his responsibility for being informed of court deadlines. The error may have been Ms. Osterhaus' but the responsibility remains Shramm's.

imposed no penalty for the failure to respond to the Order to Show Cause. (June 14, 2007 Order at 3.) Moreover, the Court did not enquire into the discrepancies between Mr. Schramm's declaration and that of Ms. Osterhaus, or the internal discrepancies in Mr. Schramm's declaration.

### III. DISCUSSION

#### A. Legal Standard

##### 1. Sanctions

The standard governing in this court is provided by Rule 37 which states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(c). Thus, under Rule 37, when the discovery is provided only after a motion has been filed, an award of reasonable expenses is presumptively appropriate unless certain circumstances are shown.

##### 2. Relief Pursuant to Rule 60

Rule 60 provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). By its terms, Rule 60 only applies to "final orders." The advisory committee notes explain: "The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief." Fed. R. Civ. P.

60 advisory committee's note to 1946 Amendment. An order imposing sanctions under Rule 37 is not a final order. *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 200 (1999). Accordingly, relief is not available under Rule 60 in relation to the order in question. The Court nonetheless addresses why Mr. Schramm would not be entitled to relief even if Rule 60 applied.

### B. The Motion for Relief Under Rule 60

#### 1. Mistake, Inadvertence, Surprise or Excusable Neglect

Mr. Schramm appears to base his motion on mistake, inadvertence, surprise or excusable neglect. Mr. Schramm cites *Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59-61 (2nd Cir. 1993) and *In re Roxford Foods, Inc.*, 12 F.3d 875, 881 (9th Cir. 1993) in support of his motion for relief. Both cases, however, apply only to default judgments, which should be set aside to allow for decision on the merits when there is any doubt. The principal that cases should be resolved on their merits has no bearing on the question currently before the court of reconsideration of monetary sanctions.

The question is whether Mr. Schramm's unjustified failure to timely respond to discovery, combined with his failure to timely respond to meet and confer efforts and his failure to respond to the Order to Show Cause was the result of excusable neglect. Mr. Schramm has provided no justification whatsoever for his failure to timely respond to the discovery in the first place. The complete names of Plaintiff's medical providers should have been provided with initial disclosures in October. Mr. Schramm does not explain why the information was not provided without forcing Defendant to propound interrogatories. The only explanation Mr. Schramm gives for his patently insufficient response to the interrogatories is that he "was filing objections to the Special Interrogatories in order to preserve the objections, and more thorough responses to each question would follow. (Schramm Decl. ¶ 3.) Tellingly, Mr. Schramm does not provide any authority for his right to decide that any substantive response could be delayed for an indefinite period of time.[6]

---

[6] The Court recognizes that it may be common practice for attorneys to forgive the failure to timely respond to discovery. No matter how common this practice is, however, any party who has not stipulated to the delay is entitled to enforce his or her rights as provided by the Federal

Mr. Schramm also provides no explanation of why he failed to respond to the meet and confer letter he admits he received prior to his vacation. Mr. Schramm complains that it was unfair of Defendant to give him only a single day to respond. Mr. Schramm, however, could have sought an extension of time from Defendant or from the court. Accordingly, even if the vacation and illness excuses Mr. Schramm's failure to respond from March 12 through March 29, Mr. Schramm has not provided any justification for his failures prior to March 12. Accordingly, Mr. Schramm's failure to respond to the discovery in a timely fashion was not the result of excusable neglect.[7]

### 2. Newly Discovered Evidence

Mr. Schramm may have also meant to move under subsection (2) of Rule 60 for relief based upon newly discovered evidence. Mr. Schramm has not presented any evidence that he could not have presented to the court prior to the issuance of the sanctions order if he had been reasonably diligent. The pieces of information that were not available to the court when the sanctions order was issued are that: 1) supplemental responses were served shortly after the motion was filed and Defendant has not challenged the sufficiency of those responses; 2) Defendant knew Plaintiff's counsel was unavailable from March 11, 2007 through March 21, 2007; and 3) at some point, Mr. Schramm's assistant, Ms. Osterhaus, informed Defendant of Mr. Schramm's illness.

As this Court ruled in denying leave to file a motion for reconsideration, these facts could have been presented before the Sanctions order, if Mr. Schramm had timely Opposed the Motion to Compel or Responded to the Order to Show Cause. As discussed above, Mr. Schramm's failure to respond to the motion to compel was not the product of excusable neglect.

Moreover, even if the Court had been aware of these facts, the motion for sanctions would still have been issued. Defendant expended money in the form of attorney's fees to

---

Rules of Civil Procedure.

[7]Additionally, at the hearing Mr. Schramm stated that he had an associate working on this case. Mr. Schramm did not explain why the associate could not have handled the meet and confer and the responses to interrogatories in Mr. Schramm's absence.

prepare the motion to compel. Under Rule 37, sanctions are warranted unless: 1) the moving party filed the motion without making a good faith effort to obtain the discovery without court action; 2) the opposing party's nondisclosure, response or objection was substantially justified; or 3) other circumstances make an award of expenses unjust. As described above, UPS made a good faith effort to obtain the discovery by seeking the information informally and sending two meet and confer letters prior to filing the motion to compel. Additionally, Plaintiff's boilerplate objections were not substantially justified. Finally, no other circumstances make an award unjust. The question is whether Defendant should bear the cost of the motion to compel or Mr. Schramm should bear the cost. Because Mr. Schramm's failure to timely respond to discovery or the meet and confer letter prior to his vacation and illness necessitated the filing of the motion to compel, it is proper for Mr. Schramm, and not Defendant, to bear that cost.

### 3. Any Other Reason Justifying Relief

#### a. Defendant did not take unfair advantage

Mr. Schramm asserts that sanctions were not appropriate in light of Defendant's "sharp practices." Defendant did not, as asserted by Mr. Schramm, unreasonably take advantage of Mr. Schramm's absence. Defendant did not file the motion to compel during Mr. Schramm's stated period of unavailability. Indeed, Defendant waited until March 26, 2007, after Mr. Schramm returned from vacation, to send the second meet and confer letter. Mr. Schramm also complains that it was unfair for Defendant to threaten to file a motion to compel if it did not receive supplemental responses in a single day. This was not unreasonable, however, given that Defendant had been promised this information since October of 2006.

Finally, Mr. Schramm argues that it was unfair for Mr. Pfyl to file the motion after Mr. Schramm promised supplemental responses would be served "right away." (Reply at 3.) Mr. Schramm cites to Pfly's declaration in support of the motion to compel as proof that Pfyl only filed the motion after he knew about of Mr. Schramm's commitment to provide supplemental responses. The Pfyl declaration, however, provides no information about the conversation on March 29, 2007. The Schramm declaration in support of the reply brief does not state when on the 29th the conversation took place. Thus, there is no evidence before the court that the

conversation took place prior to the filing of the motion.  Moreover, even if the conversation did take place, Pfyl still would have been justified in filing the motion in light of the five month delay and the approaching close of discovery and deadline for filing dispositive motions.

Mr. Schramm also argues that UPS purposefully chose not to file a reply brief in order to avoid informing the court about the supplemental responses and that UPS "apparently misled" the Court at the hearing on the motion to compel by not informing the court about the supplemental responses.  (Reply at 4).  As late as the hearing on the motion for relief, Scrhamm argued that UPS  inappropriately failed to mention the supplemental responses at the hearing on the motion to compel.  Mr. Schramm bases this argument on the erroneous assumption that UPS filed a reply brief and the court held a hearing on the motion to compel.  As clearly stated in the Order to Show Cause, the court allowed no reply brief and held no hearing on the motion to compel.  Accordingly, Mr. Schramm's allegation of misconduct by UPS is unavailing.

        b.  State disciplinary rules are not relevant

At the hearing, Mr. Schramm argued that he believed that any sanction over $1,500 must be reported to the state bar because it carried the presumption of misconduct and ethical violation.  Mr. Schramm confessed that he could not find any authority to support this belief, but argued that the sanction was inappropriate because he had committed no misconduct.  The Court's research reveals that California Business and Professions Code Section 6068 requires an attorney to "report to the agency charged with attorney discipline, in writing, within 30 days of  . . . . The imposition of judicial sanctions against the attorney, except for sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)."  Cal. Bus. & Prof. Code § 6068(o)(3).  That statute mentions no presumption of misconduct and exempts discovery sanctions.  Moreover, the standard governing in this court is provided by Rule 37and the reporting requirements of state law are irrelevant here.  *See* Fed. R. Civ. P. 37(c).

        c.  Totality of Circumstances

Mr.  Schramm also argued that the sanctions were inappropriate in light of his cooperation on the other issue in the motion to compel, the independent medical examination ("IME").  Mr. Schramm is in error.  The motion to compel did not address the IME.  In fact, the IME issue was

not resolved until after Defendant filed a separate motion to compel the IME.

**IV.    CONCLUSION**

For the Foregoing Reasons, It Is Hereby Ordered that: The Motion for Relief pursuant to Rule 60 is DENIED.

IT IS SO ORDERED.

Dated: July 23,  2007

*Patricia V. Trumbull*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge